23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mary K. HERRON-COLE, Plaintiff-Appellant,
v.
Kay JETER; Richard Manson, Defendants-Appellees.
 No. 93-6388.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: BOGGS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Mary K. Herron-Cole, a private litigant proceeding without benefit of counsel, appeals a district court order dismissing her complaint pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Herron-Cole brought suit against the attorney (Jeter) and administrator (Manson) of her late father's estate. She argued that the defendants somehow wrongfully allowed the estate properties to be foreclosed during the administration of the estate. The district court granted Herron-Cole in forma pauperis status and held that it lacked jurisdiction to consider her complaint. Inasmuch as it lacked jurisdiction, the district court dismissed the case as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon review, we find no error. Construing the complaint in the light most favorable to Herron-Cole, see Scheuer v. Rhodes, 416 U.S. 232, 235-37 (1974); United States v. Ritchie, No. 92-6393, 1994 WL 27025, at * 4 (6th Cir. Feb. 3, 1994), we conclude that the complaint as submitted did not vest the district court with jurisdiction, as it did not arise under the Federal Constitution, laws or treaties of the United States as required by 28 U.S.C. Sec. 1331, nor is there diversity of citizenship among the parties; and Herron-Cole's claim did not meet the prerequisite jurisdictional amount as required by 28 U.S.C. Sec. 1332. Herron-Cole's failure to establish subject matter jurisdiction in the district court represents a failure to present an arguable basis in law. Therefore, the complaint was properly dismissed as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 Accordingly, the district court order dismissing the complaint under 28 U.S.C. Sec. 1915(d) is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.